UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SAUL SAFDIEH, individually, and on behalf of all others similarly situated,<br><br>                          Plaintiff,<br><br>    - against -<br><br><br>P & B CAPITAL GROUP, LLC,<br><br>                          Defendant. | Docket No.3:14-cv-3947-FLW-LHG |

**MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

Respectfully submitted,

Yitzchak Zelman, Esq. (YZ5857)
LAW OFFICE OF ALAN J. SASSON, P.C.
1669 East 12th Street, 2nd Floor
Brooklyn, New York 11229
Phone:     (718) 339-0856
Facsimile: (347) 244-7178

*Attorney for Plaintiff*

# TABLE OF CONTENTS

A.  Preliminary Statement……………………………………………………………....4

B.  Factual Background………………………………………………………….……4

C.  Standard of Review……………………………………………………………..…5

D.  Standard Applied In Determining Whether A Collection Letter Contains
    Deceptive And Misleading Statements So As To Violate The FDCPA………………….5

E.  Defendant Cannot Be Granted Judgment On The Pleadings Where
    The Collection Letter Contains Deceptive and Misleading Statements…………..……..6

F.  Defendant's Use Of Conditional Language Does
    Not Allow It To Make False Or Deceptive Statements…………………………...………10

G.  Conclusion…………………………………………………………………………..11

# **TABLE OF AUTHORITIES**

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505 (1986)……………………….5

*Beauchamp v. Fin. Recovery Servs., Inc.*, 2011 WL 891320 (S.D.N.Y. 2011)…………………….7

*Brown v. Card Serv. Ctr.*, 464 F.3d 450 (3d Cir. 2006)……………………………………………8

*Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)…………….5

*Clomon v. Jackson*, 988 F.2d 1314 (2d Cir.1993)…………………………………………………6

*Federal Trade Comm'n v. Standard Educ. Soc'y*, 302 U.S. 112, 58 S.Ct. 113 (1937)…………….6

*Hamilton v. United Healthcare of La.*, 310 F.3d 385 (5th Cir.2002)……………………………....5

*Graziano v. Harrison*, 950 F.2d 107 (3d Cir.1991)………………………………………………..6

*Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1063 (9th Cir. 2011)………………………11

*In re Rockefeller Ctr. Properties, Inc. Sec. Litig.* 311 F.3d 198 (3d Cir. 2002)……………………5

*Lox v. CDA, Ltd.*, 689 F.3d 818 (7th Cir. 2012)…………………………………………………...7, 11

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 106 S.Ct. 1348 (1986)……….5

*Miller v. McCalla, Raymer, Padrick, Cobb, & Clark, L.L.C.*, 214 F.3d 872 (7th Cir. 2000)………6

*Pearson v. Component Tech. Corp.,* 247 F.3d 471 (3d Cir.2001)………………………………….5

*Taylor v. Cavalry Inv., L.L.C.*, 365 F.3d 572 (7th Cir.2004)………………………………………8

*Wilson v.Quadramed Corp.*, 225 F.3d 350 (3d Cir. 2000) …………………………………………..5

*United States v. Nat'l Fin. Servs.*, 98 F.3d 131 (4th Cir.1996)……………………………………..6

A. **Preliminary Statement.**

This Memorandum of Law is submitted in response to the Defendant's motion, which seeks an Order granting it judgment on the pleadings filed in this action. This is an action brought pursuant to the Fair Debt Collection Practices Act (the "FDCPA"). Specifically, the Plaintiff received a Collection Letter from the Defendant, which falsely advised that interest or other charges might be added to his balance. The Plaintiff accordingly filed suit in this action, on behalf of himself and a putative class. Defendant now moves this Court for a finding that this Collection Letter was not deceptive or misleading as a matter of law. For the following reasons, it is respectfully submitted that the Defendant's motion be denied as a matter of law.

B. **Factual Background.**

The facts in this action are essentially undisputed. Defendant mailed a collection letter to the Plaintiff, seeking to collect an unpaid debt. The letter states:

> "As of the date of this letter, you owe $217.33. Because of interest, late charges and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will notify you before deposition the check for collection."

The Defendant was attempting to collect on the Plaintiff's purportedly overdue account with Work Out World. The Complaint alleges, however, that Plaintiff's account with Work Out World is not subject to interest, late charges or other charges, and that Defendant has not been authorized by Work Out World to collect such interest or charges. The Complaint therefore alleges that Defendant's Collection Letter violated 15 USC §1692e(10), which prohibits debt collectors from using any false, deceptive, or misleading representations or means in connection with the collection of any debt.

C.  **Standard of Review To Be Applied To Defendant's Motion.**

Defendant can only be awarded summary judgment on this action if this Court finds that there is no genuine issue of material fact and if, viewing the facts in the light most favorable to the non-moving party, the moving party is entitled to judgment as a matter of law. *Pearson v. Component Tech. Corp.,* 247 F.3d 471, 482 n. 1 (3d Cir.2001). An issue is "genuine" if supported by evidence such that a reasonable jury could return a verdict in the nonmoving party's favor. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In determining whether a genuine issue of material fact exists, the court must view the facts and all reasonable inferences drawn from those facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Defendant, as the moving party, has the burden of demonstrating the absence of a genuine issue of material fact, in order to be awarded summary judgment. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). All allegations in the Complaint must be taken as true. *See, In re Rockefeller Ctr. Properties, Inc. Sec. Litig.*, 311 F.3d 198 (3d Cir. 2002).

D.  **Standard Applied In Determining Whether A Collection Letter Contains Deceptive And Misleading Statements So As To Violate The FDCPA.**

Any application of the FDCPA must take into account that the FDCPA is a remedial statute. *Hamilton v. United Healthcare of La.*, 310 F.3d 385, 392 (5th Cir.2002). Accordingly, courts construe its language broadly, so as to effect its purpose. *See*, *Brown v. Card Serv. Ctr.*, 464 F.3d 450 (3d Cir. 2006). The Third Circuit has joined courts throughout the country which have held that communications from lenders to debtors should be analyzed from the perspective of the "least sophisticated debtor." *Id.* at 453, citing, *Wilson v.Quadramed Corp.*, 225 F.3d 350 (3d Cir. 2000) (applying the perspective of the least sophisticated debtor to the notice provision of the Act, §

1692g); *Graziano v. Harrison*, 950 F.2d 107 (3d Cir.1991) ("Statutory notice under the Act is to be interpreted from the perspective of the least sophisticated debtor").

Analyzing lender-debtor communications from the perspective of the least sophisticated consumer is consistent with "basic consumer-protection principles." *United States v. Nat'l Fin. Servs.*, 98 F.3d 131 (4th Cir.1996).  As the Second Circuit has observed, "the basic purpose of the least-sophisticated consumer standard is to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd. This standard is consistent with the norms that courts have traditionally applied in consumer-protection law." *Clomon v. Jackson*, 988 F.2d 1314 (2d Cir.1993). That it may be obvious to specialists or the particularly sophisticated that a given statement is false or inaccurate does nothing to diminish that statement's "power to deceive others less experienced." *Federal Trade Comm'n v. Standard Educ. Soc'y*, 302 U.S. 112, 116, 58 S.Ct. 113, 82 L.Ed. 141 (1937).

The least sophisticated debtor standard requires more than "simply examining whether particular language would deceive or mislead a reasonable debtor" because a communication that would not deceive or mislead a reasonable debtor might still deceive or mislead the least sophisticated debtor. *Quadramed*, 225 F.3d at 354.  This lower standard comports with a basic purpose of the FDCPA: to protect "all consumers, the gullible as well as the shrewd," "the trusting as well as the suspicious," from abusive debt collection practices.  *Brown v. Card Serv. Ctr.*, 464 F.3d at 454.

### E. Defendant Cannot Be Granted Judgment On The Pleadings Where The Collection Letter Contains Deceptive and Misleading Statements.

The Defendant's Collection Letter clearly contains deceptive and misleading statements, the inclusion of which violate the FDCPA.  The Collection Letter warns consumers that "Because

of interest, late charges and other charges that may vary from day to day, the amount due on the day you pay may be greater." However, the Complaint alleges that <u>the Defendant is not authorized to add these charges, and indeed never adds on interest on any Work Out World account</u>. Accordingly, the statement that the amount owing may increase due to these charges is patently untrue, as there is no possible outcome where that would be true.

Defendant predominantly bases its motion on the Seventh Circuit's holding in *Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, L.L.C.*, 214 F.3d 872, 876 (7th Cir. 2000). In *Miller*, the Seventh Circuit laid out "Safe Harbor" language to be used by collection agencies when interest might be added to an amount owed. However, that language is only appropriate where the addition of interest is a possible outcome, as the Seventh Circuit has clarified in more recent holdings. For example, in *Lox v. CDA, Ltd.*, 689 F.3d 818 (7th Cir. 2012), the collection agency sent a letter stating, "You have the right to pay this claim now. To avoid further steps, respond within 48 hours. Consider our clients lawful alternatives closely. Our client may take legal steps against you and if the courts award judgment, the court <u>could</u> allow court costs and attorney fees." *Id.* at 820-821. The Seventh Circuit found that "the clear meaning of this statement is that if CDA decided to bring legal action against Lox and was victorious, the award of attorney fees to CDA was one possible outcome. CDA admits that the award of attorney fees was not a possible outcome; thus, the statement is false." *Id.*

The Seventh Circuit's finding of an FDCPA violation in *Lox* is equally appropriate in this action. As in *Lox*, the clear meaning of the Defendant's Collection Letter is that if the Plaintiff chose to pay this debt, one possible outcome would be that the actual amount owed would be higher due to interest or other fees charged. As the Defendant does not charge interest on Work Out World accounts, and never charges interest on Work Out World accounts, that is not an actual

possible income. The Defendant's Collection Letter therefore contains false and deceptive statements.

The Defendant further relies on *Taylor v. Cavalry Inv., L.L.C.*, 365 F.3d 572 (7th Cir.2004) in support of its position. This reliance is misplaced, particularly considering the Seventh Circuit's own subsequent interpretation of *Taylor*. In finding that the *Lox* Defendant violated the FDCPA, the Seventh Circuit in *Lox* distinguished its prior holding in *Taylor*: "In *Taylor,* the dunning letter at issue stated that 'if applicable, your account may have or will accrue interest at a rate specified in your contractual agreement with the original creditor.' " *Lox* at 824, citing, *Taylor* at 574 (emphases in original). The *Lox* Court therefore explained that "the only reasonable interpretation of this statement, even for an unsophisticated consumer, is that interest might accrue *if* the debtor's original debt agreement provided for such interest. There is no similar limiting language in this case. If CDA's dunning letter stated that attorney fees could be awarded *if* Lox's agreement with Dr. Baylor provided for such fees, then *Taylor* would be an apt comparison, but this language is not present. As the statement was actually written, it is false, and therefore may be in violation of § 1692e." *Lox,* 689 F.3d at 824.

As evinced by the Seventh Circuit's own explanation in *Lox*, the *Taylor* holding is inapposite here. There is no parallel qualifying language in the Defendant's Collection Letter mailed to the Plaintiff, which would advise the recipient that interest would only be charged if the creditor had authorized that charge based on the original agreement with the debtor (i.e., the gym membership agreement executed by the Plaintiff). Rather, the Collection Letter in this action states that "because of interest and other charges", the final amount due might be increased. This language is more closely analogous to the language in the *Lox* holding rather than the *Taylor* holding.

A recent Southern District of New York holding has found that the FDCPA was violated in these exact circumstances.  *See, Beauchamp v. Fin. Recovery Servs., Inc.*, No. 10 CIV. 4864 SAS, 2011 WL 891320, at *2-3 (S.D.N.Y. Mar. 14, 2011).  In *Beauchamp*, the collection agency mailed a Collection Letter which stated:

> As of the date of this letter, you owe 567.30. Interest, late charges, and other charges may or may not be applicable to this account. If some or all of these are applicable to your account, they may vary from day to day and thus the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check in which event we will inform you before depositing the check for collection.

*See, Beauchamp*, 2011 WL 891320, at *2-3.

As in the instant action, the *Beauchamp* plaintiff filed suit under the FDCPA, asserting that this language contains false representations because it suggests that interest or other charges may be added to the consumer's stated balance.  According to the *Beauchamp* plaintiff, the amounts that the collection agency sought to collect never varied from the date of issuance, and that the collection agency never attempted to contact consumers or make adjustments after it received a check from a consumer sent in response to an initial letter.  Judge Shira Scheindlin of the Southern District accordingly held that "assuming that Beauchamp's allegations are true, as I must on a motion to dismiss, I conclude that the statements in the Letter may mislead the least sophisticated consumer about FRS's debt collection practices."  *Id.*  The *Beauchamp* court specifically rejected the defendant's reliance on the Seventh Circuit's 'safe harbor language' set forth in *Miller,* finding that the "letter cannot be saved by the safe harbor language if, as Beauchamp alleges, FRS <u>never</u> charges the debtor additional interest or fees."  *Id.*

**F. Defendant's Use Of Conditional Language Does Not Allow It To Make False Or Deceptive Statements.**

The Defendant's Collection Letter further does not skirt liability under the FDCPA merely because it uses conditional language with regards to the addition of interest. The Defendant states in its Letter that "because of interest, late charges and other charges that *may* vary from day to day, the amount due on the day you pay *may* be greater. Hence, if you pay the amount shown above, an adjustment *may* be necessary." Couching the interest language in conditional terms does not make the Defendant's language any less deceptive, if the Defendant does not add interest to the accounts it collects for Work Out World.

This attempted circumvention of the FDCPA was unequivocally rejected by the Third Circuit in *Brown v. Card Serv. Ctr.*, 464 F.3d 450 (3d Cir. 2006). The Collection Letter in *Brown* stated that "You are requested to contact the Recovery Unit of the Card Service Center ... to discuss your account. Refusal to cooperate <u>could</u> result in a legal suit being filed for collection of the account." *Id.* at 451. The *Brown* plaintiff alleged that the defendant never intended to file a suit against her for collection, never had any intention of referring her case to its attorney, and that as a matter of course, does not "refer alleged debts to their attorney for prosecution, but only refers the alleged debts to another collection agency." *Id.* at 451. The Third Circuit found that the *Brown* plaintiff stated a claim under the FDCPA, as "the least sophisticated debtor might get the impression that litigation or referral to a CSC lawyer would be imminent if he or she did not respond within five days." *Id.*

The *Beauchamp* court similarly rejected this approach. The *Beauchamp* court noted that "a debt collector's false suggestion that it might take a certain action constitutes an actionable threat under 1692e(5)." The *Beauchamp* plaintiff alleged that the Letter suggested that the collection agency might increase the amount owed, even though FRS had no intention of ever doing so, and

that the collection agency was not "legally or contractually permitted" to add to the balance stated in the Letter. The *Beauchamp* court accordingly held that "the Letter constitutes a threat to take an action that FRS did not intend to take in violation of the FDCPA. The Letter's conditional language—*i.e.,* that certain amounts 'may' be added—does not counteract its potentially threatening appearance to the least sophisticated consumer." *Id.* The *Brown* and *Beauchamp* holdings have been joined by both the Seventh and Ninth Circuits, which have held that the use of conditional language would still violate the FDCPA. *See, Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1063 (9th Cir. 2011) ("As there is no circumstance under which Arrow could legally report an obsolete debt to a credit bureau, the implication that Arrow <u>could</u> make a positive report in the event of payment is misleading"); *Lox v. CDA, Ltd.*, 689 F.3d 818, 825 (7th Cir. 2012) ("it is improper under the FDCPA to imply that certain outcomes might befall a delinquent debtor when, legally, those outcomes cannot come to pass").

### G. Conclusion.

It is respectfully submitted that the Defendant's Motion for Judgment on the Pleadings must be denied. The Defendant solely bases its motion on its use of the 'Safe Harbor' language set out in the *Miller* holding. As reflected above, that language will not shelter the Defendant from liability in this action. The Complaint alleges that Plaintiff's account with Work Out World is not subject to interest, late charges or other charges, and that Defendant has not been authorized by Work Out World, to collect such interest or charges. Assuming those allegations are true, as this Court must, then the Defendant was warning the Plaintiff of an outcome which would never be possible on any of the Defendant's Work Out World accounts, including the Work Out World account belonging to the Plaintiff. This would accordingly constitute a deceptive and misleading

statement, as depicted by the *Beauchamp* and *Brown* holdings, and as reflected from the Seventh Circuit's own subsequent interpretation of *Miller* and *Taylor* in the recent *Lox* holding. It is therefore respectfully requested that the Defendant's Motion be denied in its entirety.

Dated: Brooklyn, New York
      November 6, 2014	/s/ Yitzchak Zelman
                                        Yitzchak Zelman, Esq. (YZ5857)
                                        LAW OFFICE OF ALAN J. SASSON, P.C.
                                        1669 East 12th Street, 2nd Floor
                                        Brooklyn, New York 11229
                                        Phone:    (718) 339-0856
                                        Facsimile: (347) 244-7178

                                        *Attorney for Plaintiff*