***NOT FOR PUBLICATION***

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SAUL SAFDIEH, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>P & B CAPITAL GROUP, LLC,<br><br>Defendant. | Civ. Action No.: 14-3947 (FLW)(LHG)<br><br>OPINION |

**WOLFSON, District Judge**:

Before the court is a Motion for Judgment on the Pleadings filed by Defendant P & B Capital Group, LLC ("Defendant"). In the single-count Complaint, Plaintiff Saul Safdieh ("Plaintiff") asserts a violation of the Fair Debt Collection Practices Act ("FDCPA"), under 15 U.S.C. § 1692e(10). Plaintiff alleges that Defendant's debt collection letter is actionable under the FDCPA because the language of the letter violates the FDCPA's prohibition on using false, deceptive, or misleading representations in connection with the collection of a debt. At issue is the following statement: "Because of interest, late charges and other charges that may vary from day to day, the amount due on the day you pay may be greater" than the amount listed in the letter. According to Plaintiff, because his debt was not subject to interest, late charges, or other charges, the letter was deceptive and misleading. In response Defendant posits that the language in the letter does not violate the FDCPA as a matter of law.

For the reasons expressed herein, the Motion for Judgment on the Pleadings is denied.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

These facts are drawn from the Complaint, and are accepted as true for the purpose of this Motion. Defendant, a New York corporation, is a "debt collector" as defined by 15 U.S.C. § 1692a(6). Compl. at § 5. Defendant, on behalf of a third party, Work Out World, attempted to collect a consumer debt from Plaintiff. Compl.at ¶¶ 22, 25. Defendant sent Plaintiff a letter, dated March 5, 2014. *Id.* at 23. This letter stated:

> As of the date of this letter, you owe $217.33. Because of interest, late charges and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will notify you before depositing the check for collection.
>
> [*Id.* at ¶ 24, Ex. A.]

According to the Complaint, Plaintiff's account with Work Out World is not subject to interest, late charges, or other charges. *Id.* at ¶ 26. Plaintiff additionally alleges that "Defendant has not been authorized by the original creditor, Work Out World, to collect such interest or charges." *Id.* Plaintiff therefore asserts that "Defendant arbitrarily threatened that Plaintiff's account may be subject to such fees, in an attempt at pressuring Plaintiff into paying the account quickly." *Id.*

Plaintiff filed the Complaint on June 19, 2014, alleging a violation of the FDCPA, specifically 15 U.S.C. § 1692e(10); Defendant filed the Answer on August 25, 2014. On November 5, 2014, Defendant filed the present Motion.

## DISCUSSION

### A. Standard of Review

When examining a Motion for Judgment on the Pleadings under Fed. R. Civ. Proc. 12(c), the court examines the pleadings in the same manner as in a Rule 12(b)(6) Motion to Dismiss. *Rosenau v. Unifund Corp.*, 539 F.3d 218, 221 (3d Cir. 2008). The court must "view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to

the nonmoving party." *Id.* Judgment may only be granted if "the movant clearly establishes that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law." *Id.* The court may rely only on the pleadings and documents integral to or relied on by the complaint. *Mele v. Federal Reserve Bank of N.Y.*, 359 F.3d 251, 256 n. 5 (3d Cir. 2004).

### B. Fair Debt Collection Practices Act

The Fair Debt Collection Practices Act "is a consumer protection statute that prohibits certain abusive, deceptive, and unfair debt collection practices." *Marx v. Gen. Revenue Corp.*, — U.S. —, —, 133 S.Ct. 1166, 1171 n.1 (2013) (citing 15 U.S.C. § 1692). By its terms, the purpose of the FDCPA is to "eliminate abusive debt collection practices by debt collectors" while insuring that "debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." 15 U.S.C. § 1692. Relevant to the present matter, the Act requires that within five days of the initial communication with a consumer in connection with the collection of a debt, debt collectors must provide the consumer with written notice containing certain information regarding the debt. 15 U.S.C. § 1692g. Importantly, the Act prohibits the use of any "false, deceptive, or misleading representations or means in connection with the collection of any debt." 15 U.S.C. § 1692e.

The statute creates a private right of action against debt collectors who fail to comply with its provisions. 15 U.S.C. § 1692k; *Marx*, 133 S.Ct. at 1171 n. 1; *Brown v. Card Serv. Ctr.*, 464 F.3d 450, 453 (3rd Cir. 2006). To state a claim under the FDCPA, a plaintiff must establish that "(1) he or she is a 'consumer' who is harmed by violations of the FDCPA; (2) the 'debt' arises out of a transaction entered into primarily for personal, family, or household purposes; (3) the defendant collecting the debt is a 'debt collector'; and (4) the defendant has violated, by act or omission, a provision of the FDCPA." *Grant v. JP Morgan Chase Bank*, No. 12-CV-06248, 2013 WL 1558773, at *2 (D.N.J. Apr. 10, 2013) (quoting *Berk v. J.P.Morgan Chase Bank*, *N.A.*,

No. 11-CV-2715, 2011 WL 4467746, at *3 (E.D. Pa. Sept. 26, 2011) (citing 15 U.S.C. §§ 1692a-o)). Additionally, "[a] threshold requirement for application of the FDCPA is that the prohibited practices are used in an attempt to collect a 'debt'." *Zimmerman v. HBO Affiliate Grp.*, 834 F.2d 1163, 1167 (3rd Cir. 1987). Here, Defendant does not challenge any of the threshold requirements needed to state a claim.

The FDCPA is a remedial statute, and its language is construed broadly. *Brown v. Card Serv. Ctr.*, 464 F.3d 450, 453 (3d Cir. 2006). For this reason, the Third Circuit has stated that "certain communications from lenders to debtors should be analyzed from the perspective of the 'least sophisticated debtor.'" *Id.* This standard "requires more than simply examining whether particular language would deceive or mislead a reasonable debtor because a communication that would not deceive or mislead a reasonable debtor might still deceive or mislead the least sophisticated debtor." *Id.* at 454. The least sophisticated debtor standard is intended to "protect[] naive consumers, [but] it also prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness and presuming a basic level of understanding and willingness to read with care." *Wilson v. Quadramed Corp.*, 225 F.3d 350, 354–55 (3d Cir. 2000).

**C. Violation of § 1692e**

Section 1692e of United States Code Title 15 prohibits the use of "any false, deceptive, or misleading representation or means in connection with the collection of any debt." The statute includes a non-exhaustive list of conduct which constitutes a violation of the section, including "(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." Under § 1692e, "[a] debt collection letter is deceptive where it can be reasonably read to have two or more different meanings, one of which is inaccurate." *Brown*, 464 F.3d at 455.

Here, Plaintiff asserts that the language of the collection letter violates 15 U.S.C. § 1692e(10). According to Plaintiff, "the clear meaning of the Defendant's Collection Letter is that if the Plaintiff chose to pay this debt, one possible outcome would be that the actual amount owed would be higher due to interest or other fees charged." Pl. Opp. at 7. Because Defendant does not charge interest on Work Out World accounts, Plaintiff argues that this outcome is not possible, and the letter therefore contains false and deceptive statements. *Id.* at 7–8.

Applying the least sophisticated debtor test, I find that Defendant is not entitled to judgment as a matter of law. Defendant's letter states: "Because of interest, late charges and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check." This statement, from the perspective of the least sophisticated debtor, is misleading, because the least sophisticated debtor may read the letter to mean that his or her account is subject to interest or late charges, and that she may ultimately owe more money than the letter shows. This meaning is false, because Plaintiff's account was not, allegedly, subject to interest or charges.

Nevertheless, Defendant argues that the language in the letter "does not violate the FDCPA as a matter of law," Def. Br. at 3, since it is "safe harbor" language developed and approved by the Seventh Circuit in the case *Miller v. McCalla, Ramer, Padrick, Cobb, Nichols, and Clark, LLC*, 214 F.3d 872, 876 (7th Cir. 2000). In *Miller*, the plaintiff argued that the defendant violated a different provision of the FDCPA, 15 U.S.C. § 1692g(a)(1), by failing to state "the amount of the debt" in the collection letter. *Id.* at 874. The letter in question gave only the "unpaid principal balance" of the loan, and stated that the amount did not include interest or other charges. *Id.* at 875. The Seventh Circuit found a violation of the FDCPA, stating that a collection letter must "state the total amount due—interest and other charges as well as

5

principal—on the date the dunning letter was sent." *id.* at 875–76. However, to minimize litigation on this issue, the court developed language to provide a "safe harbor formula" to comply with the with the "amount of debt" provision. *Id.* at 876. Indeed, this formula is the basis for the language used by Defendant in the debt collection letter at issue. Defendant, therefore, asserts that "[t]he purpose of the Safe Harbor Language is to inform the consumer that, if the amount due is different on the day the payment would be processed, the collection agency will notify the consumer before processing the payment." Def. Br. at 6. This language, Defendant contends, is not an abusive debt collection practice, but "serves to protect consumers." *Id.* Under the facts plead here, I disagree.

While the safe harbor language was devised by the *Miller* court to comply with the FDCPA, it was intended to aid debt collectors in fulfilling their duty to "state the amount of the debt in cases . . . where the amount varies from day to day." *Miller*, 214 F.3d at 876. If the debt collector uses that language, it "will not violate the 'amount of debt provision.'" *Id.* Here, the "amount of debt provision" is not at issue. Plaintiff alleges that is there no possibility that the amount owed would vary day to day, since there is no circumstance under which interest or costs could be assessed. Taking that allegation as true, it is false for a debt collection letter to imply that the amount might vary. Indeed, the Seventh Circuit subsequently ruled that "it is improper under the FDCPA to imply that certain outcomes might befall a delinquent debtor when, legally, those outcomes cannot come to pass." *Lox v. CDA, Ltd.*, 689 F.3d 818, 825 (7th Cir. 2012). In *Lox*, the plaintiff received a letter stating "Our client may take legal steps against you and if the courts award judgment, the court could allow court costs and attorney fees." *Id.* at 820–21. The Seventh Circuit found that "the award of attorney fees was not a possible outcome; thus, the statement is false." *Id.* at 824.

6

Defendant additionally contends that the Seventh Circuit has rejected an argument similar to the one Plaintiff makes here. Def. Br. at 5. In *Taylor v. Cavalry Investment, LLC*, the plaintiffs received letters which contained the statement "if applicable, your account may have or will accrue interest at a rate specified in your contractual agreement with the original creditor" was false and in violation of § 1692e because the "creditors did not add interest." 365 F.3d 572, 574, 575 (7th Cir. 2004). The accounts of two of the plaintiffs were closed by the creditors, and therefore no interest accrued, "though presumably they could have continued doing so until the debts were paid." *Id.* at 574. The *Taylor* plaintiffs argued that, "because two of the creditors did not add interest," the language of the letter was false and violated § 1692e. *Id.* at 575. The Seventh Circuit found that claim to be "downright frivolous," stating "[t]he letter didn't say they would [add interest], only that they might." *Id.* at 575. Defendant argues that "the inclusion of the Safe Harbor Language in a collection letter does not violate the FDCPA regardless of whether interest and other charges are authorized or actually charged on the account at issue." Def. Br. at 575. Stated differently, Defendant claims that the safe harbor language in the debt collection letter only informs the consumer that he or she might be assessed interest.

Similarly, Defendant points to a recent case in the Southern District of Indiana, in which the defendant had used the same language at issue here. *Davis v. United Recovery Systems, LP*, 2014 WL 5530142 (S.D. Ind. Nov. 3, 2014). When a second letter revealed that no interest had, in fact, been charged, the plaintiff filed suit alleging that the defendant had made a false statement in violation of the FDCPA. *Id.* at *1. The court noted that the plaintiffs account had been closed, and "her account stopped accruing interest." *Id.* at *1–2.  Relying on the *Taylor* holding, the court found that the creditor "presumably ... could have continued [adding interest] until the debt[] was paid" and that it was not false to say that the plaintiff's account "<u>might</u> accrue interest." *Id.* at 2.

7

These cases are inapposite. First, both *Taylor* and *Davis* involved accounts for which interest could be charged. In both cases, interest was not charged because the accounts were closed. *See Taylor*, 365 F.3d at 574; *Davis*, 2014 WL 5530142 at *2. Indeed, in a more recent case, the Southern District of Indiana denied judgment on the pleadings to a debt collector for using similar language because the court was "currently unaware" if the original agreement permitted interest charges. *Toction v. Eagle Accounts Grp., Inc.*, 2015 WL 127892 at *3 (S.D. Ind. Jan. 8, 2015).

Similarly, the Southern District of New York, in a case involving similar language to that at issue here, found a violation of § 1692e. *Beauchamp v. Fin. Recovery Servs., Inc.*, 2011 WL 891320 at *3 (S.D.N.Y. March 14, 2011). The plaintiff alleged that "the debts [the defendant] seeks to collect '**never** vary from the date of issuance' and [the defendant] '**never** attempts to contact consumers or makes adjustments after it receives a check from a consumer.'" *Id.* at *2. The court stated that "a consumer reading the Letter could believe that [the defendant] does, at times, add interest or other charges to the amounts it seeks to collect. If [the defendant] never increase the amount owed beyond that stated in the Letter . . . . then the customer will in fact have been misled." *Id.* at *2.

Furthermore, in *Lox* the Seventh Circuit distinguished the language used in *Taylor*, which stated that "<u>if applicable</u>, your account have or will accrue interest at a rate <u>specified in your contractual agreement with the original creditor</u>." *Lox*, 689 F.3d at 824 (emphasis in original). The *Lox* court found that "the only reasonable interpretation" of this limiting language was that "interest might accrue *if* the debtor's original debt agreement provided for such interest." *Id.* In *Lox*, however, there was no such limiting language: "If [defendant]'s dunning letter stated that attorney fees could be awarded *if* [plaintiff]'s agreement with [the creditor] provided for such fees, then *Taylor* would be an apt comparison, but this language is not present." *Id.*

8

Here, according to the Complaint, Plaintiff's account is not subject to interest or charges at all; hence the creditor could not, under any circumstances, change the amount due. Because, Defendant can never charge interest, then like in *Beauchamp*, and unlike *Taylor* or *Davis*, the statements in the letter may mislead the least sophisticated consumer. Furthermore, unlike in *Taylor*, Defendant's letter does not state or imply that interest might accrue only if the original contract so provided. The letter does not qualify the statement about "interest, late charge, and other charges" beyond suggesting that "the amount due may be greater." Compl. at ¶ 24. This qualification does nothing to inform the debtor that interest and charges might not apply to her account.

My reading of this language comports with Third Circuit precedent. The Third Circuit has held that even conditional language may be false or misleading. In *Brown v. Card Serv. Ctr.*, the defendant's collection letter stated that "Refusal to cooperate could result in a legal suit being filed for collection of the account" and "Failure on your part to cooperate could result in our forwarding this account to our attorney with directions to continue collection efforts." 464 F.3d at 451–52. The plaintiffs alleged that the defendant "never intended to file a suit against her for collection, never had any intention of referring her case to its attorney," and that as a matter of course, the defendant "only refer[ed] the alleged debt(s) to another collection agency." *Id.* at 455. The District Court dismissed the case, emphasizing that the letter "employed the conditional term 'could' as opposed to the affirmative term 'will.'" *Id.* at 454. The Third Circuit reversed, stating that "it would be deceptive under the FDCPA for [the defendant] to assert that it *could* take an action that it had no intention of taking and has never or very rarely taken before." *Id.* at 455. Other courts have agreed. *See Gonzales v. Arrow Fin. Servs.*, 660 F.3d 1055, 1063 (9th Cir. 2011) ("To the least sophisticated debtor, the phrase 'if we are reporting the account, the appropriate credit bureaus will be notified that this account has been settled' suggests two

9

possibilities . . . . As there is no circumstance under which Arrow could legally report an obsolete debt to a credit bureau, the implication that Arrow could make a positive report in the event of payment is misleading.").

While the defendant argued that "because the Letter provides only that the outstanding balance 'may' change, it is necessarily accurate," the court stated that "the least sophisticated consumer standard is not concerned with the literal accuracy of a statement." *Id.* at *3. Because "a consumer reading the Letter could believe that [the defendant] does, at times, add interest or other charges to the amount it seeks to collect," if defendant "never increased the amount owed beyond that stated in the Letter . . . then the consumer will in fact have been misled." *Id.*

Here, the fact that the letter states that the amount "may" be greater on the date the debt is paid similarly does not make the language less misleading. The least sophisticated debtor could reasonably believe that this language means there is some possibility of having to pay a greater charge. Because, as alleged, there is no such possibility, the language used in the debt collection letter is deceptive.

I therefore find that Defendant has not shown that it is entitled to judgment as a matter of law; rather, on the face of the Complaint, Plaintiff has alleged a violation of the FDCPA. Accordingly, Defendant's Motion for Judgment on the Pleadings is denied.

**CONCLUSION**

For the reasons state above, Defendant's Motion for Judgment on the Pleadings is denied. An appropriate Order shall follow.

Date: May 12, 2015

        _/s/ Freda L. Wolfson_____
        Hon. Freda L. Wolfson, U.S.D.J.