**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
-------------------------------------------------------------------X
SAUL SAFDIEH,

                                                    Civil No.: 3:14-cv-3947-FLW-LHG

                         Plaintiff,

             -against-

P&B CAPITAL GROUP, LLC,

                         Defendant.
-------------------------------------------------------------------X

---

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S ANSWER

---

Respectfully submitted,

**MARCUS & ZELMAN, LLC**

By: /s/ Yitzchak Zelman_____
Yitzchak Zelman (YZ5857)
Ari H. Marcus, Esq.
ATTORNEYS FOR PLAINTIFF
1500 Allaire Avenue, Suite 101
Ocean, New Jersey 07712
Phone: (732) 695-3282
Fax:    (732) 298-6256
Email: yzelman@MarcusZelman.com

## <u>TABLE OF CONTENTS</u>

**PRELIMINARY STATEMENT**……………………………………………..………4

**PROCEDURAL HISTORY**……………………………………………………...5

**ARGUMENT**…………………………..…………………………………………6

    **A.  Defendant's Answer Should Be Struck, Where It Has Repeatedly
        Ignored Its Obligations In This Litigation, Has Refused To Retain
        Counsel, And Has Disobeyed Court Orders**……………………………………6

    **B.  Defendant Is Personally Responsible For Its Failure To Comply
        With Court Orders**……………………………………………………………8

    **C.  Plaintiff Has Been Prejudiced By Defendant's Disregard Of This Litigation**…………9

    **D.  Defendant Has Delayed And Continues To Delay This Action**………………………...9

    **E.  Defendant Has Acted In Bad Faith In Ignoring The Instant Action**…………………10

    **F.  There Is No Alternative Sanction That Would Be Effective In This Action**…………10

    **G.  Plaintiff's Claim Is Clearly Meritorious, Where This Court Has Already
        Found That The Defendant's Collection Letter Is Deceptive**…………………………11

**CONCLUSION**…………………………………………………………………12

**<u>TABLE OF AUTHORITIES</u>**

<u>Cases</u>

*Adams v. Trs. of N.J. Brewery Emps.' Pension Trust Fund,*
      29 F.3d 863, 874 (3d Cir.1994)……………………………………………………9

*Cafrey v. Scott,*
      No. 10–5055, 2011 WL 4528169 (D.N.J. Sept.28, 2011)………………………………...10

*Chiarulli v. Taylor,*
      No. 08–4400, 2010 WL 1371944 (D.N.J. Mar.31, 2010)…………………………………9

*Days Inns Worldwide, Inc. v. Al Noor Corp.,*
      No. CIV.A. 10-479 ES CLW, 2012 WL 715252 (D.N.J. Mar. 5, 2012)……………………7

*Edwards v. City of Easton,*
      No. 08–1524, 2009 WL 2914417 (E.D.Pa. Sept.10, 2009)………………………………11

*Harrington v. All Am. Plazas, Inc.,*
      No. 08–3848, 2010 WL 2710573 (D.N.J. July 7, 2010)……………………………………7

*Howard Johnson Int'l, Inc. v. Kil Su Kim,*
      No. CIV. 11-3438 JLL, 2012 WL 6568438 (D.N.J. Dec. 17, 2012)………………………..8

*Hoxworth v. Blinder, Robinson & Co.,*
      980 F.2d 912, 922 (3d Cir. 1992)………………………………………………………...12

*Parker v. Pennstar Bank, NBT,*
      436 F. App'x 124, 125–27 (3d. Cir.2011)………………………………………………...10

*Poulis v. State Farm & Cas. Co.,*
      747 F.2d 863, 868 (3d Cir.1984)…………………………………………………………...8

*Ramada Worldwide Inc. v. NPR Hospitality Inc.,*
      No. 06–4966, 2008 WL 163641 (D.N.J. Jan.16, 2008)…………………………............9

*Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council,*
      506 U.S. 194, 201–02, 113 S.Ct. 716, 121 L.Ed.2d 656 (1993)…………………………11

*Simbraw, Inc. v. United States,*
      367 F.2d 373, 374 (3d Cir.1966)…………………………………………………………11

*Ware v. Rodale Press, Inc.,*
      322 F.3d 218, 221 (3d Cir.2003)…………………………………………………………9

## PRELIMINARY STATEMENT

This statement is submitted on behalf of the Plaintiff, Saul Safdieh, in this action brought

pursuant to the Fair Debt Collection Practices Act (the "FDCPA"), codified at 15 USC § 1692.

The Plaintiff received a Collection Letter dated March 5, 2014 from the Defendant, which falsely

advised that interest or other charges might be added to his balance with Work Out World.

Specifically the March 5th Letter stated:

> As of the date of this letter, you owe $217.33. Because of interest, late charges and
> other charges that may vary from day to day, the amount due on the day you pay
> may be greater. Hence, if you pay the amount shown above, an adjustment may be
> necessary after we receive your check, in which event we will notify you before
> depositing the check for collection.
> *See,* Exhibit A.

As alleged in the Complaint, Plaintiff's account with Work Out World is not subject to

interest, late charges, or other charges.  Further as alleged in the Complaint, Defendant has not

been authorized by the original creditor, Work Out World, to collect such interest or charges.  The

Plaintiff accordingly filed suit in this action, on behalf of himself and a putative class.  Following

commencement of the instant action, the Defendant retained counsel who filed an Answer on its

behalf, followed by a Motion for Judgment on the Pleadings, pursuant to FRCP 12(c).

On May 12, 2015, this Court denied the Defendant's Motion for Judgment on the

Pleadings.  However, since that date, the Defendant has refused to participate or proceed in any

way in the instant litigation.  The Defendant's counsel consequently moved to be relieved as

counsel, which was granted by the Honorable Magistrate Judge Lois H. Goodman.  Pursuant to

the Court's Order relieving the counsel for the corporate Defendant, the Plaintiff now moves to

strike the Defendant's Answer.

## **PROCEDURAL HISTORY**

This action was commenced on June 19, 2014.  (Docket 1).  Defendant appeared in this action by retaining counsel, who filed an Answer on August 25, 2014. (Docket 4).   An Initial Conference was then scheduled to be conducted in this matter for November 7, 2014 before Magistrate Judge Goodman.  (Docket 5).  However, the Defendant then moved for Judgment on the Pleadings on November 5, 2014, and the Initial Conference was rescheduled pending the determination of Defendant's Motion.  (Docket 7 and 9).

On May 12, 2015, the Honorable Freda L. Wolfson denied the Defendant's Motion for Judgment on the Pleadings.  In doing so, Judge Wolfson found that the language used in the Defendant's collection letter is deceptive, and that "on the face of the Complaint, Plaintiff has alleged a violation of the FDCPA."   See, *Order* at Docket 12, also annexed hereto as Exhibit B, at 10.   This Court further found that the collection letter "from the perspective of the least sophisticated debtor, is misleading, because the least sophisticated debtor may read the letter to mean that his or her account is subject to interest or late charges, and that she may ultimately owe more money than the letter shows. This meaning is false, because Plaintiff's account was not, allegedly, subject to interest or charges." *Id.* at 5.

An Initial Conference was then scheduled in this matter for July 24, 2015.  (Docket 14). At the Initial Conference, Defendant's counsel advised that Defendant refused to respond to his phone calls, messages and written communications.  Magistrate Judge Goodman accordingly stayed discovery, and ordered Defendant's counsel to report on his efforts to reach the Defendant by August 14, 2015.  (Docket 16).  On August 25, 2015, Defendant's counsel moved to withdraw as counsel, citing Defendant's continued refusal to participate in the instant action.  (Docket 15).

Defendant's counsel's motion documented its efforts to contact the Defendant, including a letter sent via certified mail, warning of a possible default judgment.  See, Docket 15-1.

On September 21, 2015, a Telephone Conference was conducted by Magistrate Goodman, at which the Motion to Withdraw was discussed.  At that time, the Court scheduled a hearing on the Motion for October 6, 2015, and ordered Defendant's counsel to serve notice of the hearing on Defendant.  (Docket 18).  Magistrate Goodman further ordered that a representative of the Defendant was required to appear at the hearing along with its counsel.  The Hearing was adjourned at the request of Plaintiff's counsel due to a conflict with his observance of a Jewish holiday.  The hearing was then conducted on October 26, 2015, at which Magistrate Goodman granted the motion, allowing Defendant's counsel to be relieved as counsel.  Defendant did not send a representative to the hearing, despite being ordered to do so.  (Docket 24).

On October 29, 2015, Magistrate Goodman ordered that the Defendant had 30 days from the date of entry of the Court's Order to have new counsel enter an appearance on its behalf.  (Docket 24).  Magistrate Goodman further ordered that if no appearance was entered after thirty days, Plaintiff may file a motion seeking appropriate relief.  (Docket 24).  Those thirty days have now expired.

## ARGUMENT

### A. Defendant's Answer Should Be Struck, Where It Has Repeatedly Ignored Its Obligations In This Litigation, Has Refused To Retain Counsel, And Has Disobeyed Court Orders.

The Defendant in this action is a corporation unrepresented by counsel, which has refused to retain alternate counsel in the time permitted it by this Court.  This Court has granted numerous opportunities to Defendant to retain counsel, however Defendant has declined to avail itself of

those opportunities.  Furthermore, Defendant failed to appear at the October 26th hearing, which it was judicially mandated to appear at.

In nearly identical circumstances, the Honorable Judge Salas struck an unrepresented corporation's Answer.  *See, Days Inns Worldwide, Inc. v. Al Noor Corp.*, No. CIV.A. 10-479 ES CLW, 2012 WL 715252 (D.N.J. Mar. 5, 2012).  The *Days Inns* defendant defied a court order to appear for a status hearing.  Judge Salas accordingly found that while "sanctions of striking an answer and entering default are reserved for the most extreme cases, they are warranted here, as in other cases where the parties neglected court-ordered deadlines and substantially delayed the proceedings."  *Id.*   "Pro se litigants, like all litigants, must comply with Court orders. When they flout that obligation, they, like all litigants, must suffer the consequences of their actions." *Days Inns Worldwide, Inc. v. Al Noor Corp.*, No. CIV.A. 10-479 ES CLW, 2012 WL 715252, at *3 (D.N.J. Mar. 5, 2012), <u>citing</u>, *Harrington v. All Am. Plazas, Inc.*, No. 08–3848, 2010 WL 2710573, at *2 (D.N.J. July 7, 2010).

Federal Rule of Civil Procedure 37(b)(2)(A) provides, in pertinent part, that "if a party ... fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders," which include "(iii) striking pleadings in whole or in part" and "(vi) rendering a default judgment against the disobedient party."  Relatedly, under Federal Rule 16(f)(1), the Court "may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)—(vii), if a party or its attorney: (A) fails to appear at a scheduling or other pretrial conference; (B) is substantially unprepared to participate— or does not participate in good faith—in the conference; or (C) fails to obey a scheduling or other pretrial order."

When determining whether a sanction order appropriately deprives a party of the right to prosecute or defend a claim, the Third Circuit Court of Appeals has instructed courts to consider the six factors outlined in *Poulis v. State Farm & Cas. Co.,* 747 F.2d 863, 868 (3d Cir.1984), namely: (1) the extent of the party's personal responsibility, (2) prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery, (3) history of dilatoriness, (4) willful or bad faith conduct of an attorney, (5) alternative sanctions, and (6) meritoriousness of the claim or defense. *See, Howard Johnson Int'l, Inc. v. Kil Su Kim*, No. CIV. 11-3438 JLL, 2012 WL 6568438, at *2 (D.N.J. Dec. 17, 2012) report and recommendation adopted, No. CIV.A. 11-3438 JLL, 2013 WL 56826 (D.N.J. Jan. 3, 2013); *Days Inns Worldwide, Inc. v. Al Noor Corp.*, supra, at *1.  No particular *Poulis* factor is controlling, and dismissal can be granted even when some of the factors are not met. *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 221 (3d Cir.2003). As such, the decision whether to dismiss is left to the court's discretion. *Id.*; *Chiarulli v. Taylor*, No. 08–4400, 2010 WL 1371944, at *2 (D.N.J. Mar.31, 2010).

**B.  Defendant Is Personally Responsible For Its Failure To Comply With Court Orders.**

The Defendant is personally responsible for its continued failure to participate in this action.  As extensively set forth in the record in this action, the Defendant has had the opportunity to retain alternate counsel in this action for over three months.  Defendant's counsel's motion to be relieved as counsel is replete with communications to Defendant advising it of its litigation responsibilities in this action.  Defendant has chosen to ignore those warnings, and has further chosen to defy Magistrate Goodman's Order requiring it to appear at the October 26th hearing. Finally, the corporate Defendant continues to refuse to retain counsel to represent it in this action. "Defendants are not represented by counsel and cannot argue that a third party is somehow

responsible for their failure to participate in this litigation." *Days Inns Worldwide, Inc.*, supra, at *2. Accordingly, it is respectfully submitted that the first *Poulis* factor is met in the instant action.

**C.  Plaintiff Has Been Prejudiced By Defendant's Disregard Of This Litigation.**

The second *Poulis* factor requires examination of the prejudice to the other parties caused by the delay. There is no question that Plaintiff is prejudiced by Defendant's failure to participate in this action and produce discovery. Plaintiff has brought the instant action as a putative class action, and has been deprived of the information it needs to support its individual and class claims. Plaintiff has additionally been forced to engage in numerous Court conferences to resolve Defendant's dilatory tactics, along with the instant motion practice, expending both time and resources. *Ramada Worldwide Inc. v. NPR Hospitality Inc.*, No. 06–4966, 2008 WL 163641, at *4 (D.N.J. Jan.16, 2008) (finding prejudice where plaintiff was unable to obtain discovery or pursue its claims "due to Defendants' failure to actively participate in the litigation of [the] case").

**D.  Defendant Has Delayed And Continues To Delay This Action.**

The record in this action reflects a pattern of dilatoriness on the part of Defendant, which is the third *Poulis* element.  Having lost its Motion for Judgment on the Pleadings, Defendant has since ignored all good faith efforts to participate in scheduled conferences and hearings or to comply with court orders. *Adams v. Trs. of N.J. Brewery Emps.' Pension Trust Fund,* 29 F.3d 863, 874 (3d Cir.1994) (citing *Poulis,* 747 F.2d at 868) ("[e]xtensive or repeated delay or delinquency constitutes a history of dilatoriness, such as consistent non-response to interrogatories, or consistent tardiness in complying with court orders"). The delay in this case has been caused exclusively by Defendants, with Plaintiff ready, willing and able to prosecute this action.

**E.  Defendant Has Acted In Bad Faith In Ignoring The Instant Action.**

It is clear that Defendant's failure to participate in this action is the result of the Defendant's willful and conscious bad faith.  As in *Days Inns,* "Defendants' initial, active participation in the proceedings, followed by a seven-month period of non-responsiveness, demonstrates Defendants' willful neglect." *Days Inns Worldwide, Inc.*, supra, at *2.  In this action, the Defendant vigorously participated in this action – but only until it lost its Rule 12(c) motion.  Subsequently, when its motion was denied "Defendants selectively elected not to participate in this case." *Id*. In fact, after losing its motion, Defendant then defied the Court's Order to appear at the October 26th hearing.  Additionally, the corporate Defendant's refusal to retain counsel within the time allowed by the willfully deprives the Plaintiff from obtaining the discovery he requires to pursue this action.

**F.  There Is No Alternative Sanction That Would Be Effective In This Action.**

The extreme sanctions of striking an answer and entering default are warranted here, as in other cases where the parties neglected court-ordered deadlines and substantially delayed the proceedings. Indeed, "Nothing less than an extreme sanction would be effective here given that any alternative sanctions, such as monetary sanctions or the preclusion of evidence, would be futile given the defendants' complete failure to litigate this action." *Howard Johnson Int'l, Inc. v. Kil Su Kim*, No. CIV. 11-3438 JLL, 2012 WL 6568438, at *4 (D.N.J. Dec. 17, 2012) report and recommendation adopted, No. CIV.A. 11-3438 JLL, 2013 WL 56826 (D.N.J. Jan. 3, 2013).  See also, *Parker v. Pennstar Bank, NBT*, 436 F. App'x 124, 125–27 (3d. Cir.2011) (dismissing pro se plaintiff's complaint based on a two-month failure to comply with court-ordered discovery and plaintiff's absence from a court-ordered motion hearing date); *Cafrey v. Scott*, No. 10–5055, 2011 WL 4528169, at *4 (D.N.J. Sept.28, 2011) (finding sanctions were warranted where plaintiff failed

to oppose two motions to dismiss despite "numerous extensions of motion dates and filing deadlines" and for failure to comply with the court's order to serve all correspondence on plaintiff's adversary).

In addition to the foregoing, the corporate Defendant's refusal to obtain alternate counsel in this action further supports sanctions. "It has been the law for the better part of two centuries ... that a corporation may appear in the federal courts only through licensed counsel.*" Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201–02, 113 S.Ct. 716, 121 L.Ed.2d 656 (1993); *Simbraw, Inc. v. United States*, 367 F.2d 373, 374 (3d Cir.1966) (holding that agents representing the corporation in court must always be attorneys); *Edwards v. City of Easton*, No. 08–1524, 2009 WL 2914417, at *1 (E.D.Pa. Sept.10, 2009) ("A corporation can only litigate its rights through a licensed attorney; it cannot represent itself pro se or through one of its officers."). Accordingly, the Court in *Days Inns* found that that sanctions were warranted due to the corporate defendant's failure to obtain counsel.   *Days Inns*, 2012 WL 715252, at *2-3.

### G. Plaintiff's Claim Is Clearly Meritorious, Where This Court Has Already Found That The Defendant's Collection Letter Is Deceptive.

As set forth above, this Court has already made a finding that the language used in the Defendant's collection letter is deceptive, and that "on the face of the Complaint, Plaintiff has alleged a violation of the FDCPA."  *Exhibit B*, at 10.  This Court further found that the Defendant's collection letter "from the perspective of the least sophisticated debtor, is misleading, because the least sophisticated debtor may read the letter to mean that his or her account is subject to interest or late charges, and that she may ultimately owe more money than the letter shows. This meaning is false, because Plaintiff's account was not, allegedly, subject to interest or charges."  *Id.* at 5.

The Third Circuit has instructed that "[a] claim, or defense, will be deemed meritorious when the allegations of the pleadings, if established at trial, would support recovery by plaintiff or would constitute a complete defense." *Poulis*, 747 F.2d at 869–70.  A court, however, does not use a summary judgment standard, *id*. at 869, and need not "have a mini-trial before it can impose a default." *Hoxworth v. Blinder, Robinson & Co.*, 980 F.2d 912, 922 (3d Cir. 1992). Instead, "where both parties' positions appear reasonable from the pleadings, the issue of meritoriousness is neutral and non-dispositive. *Id.*  It is therefore respectfully submitted that this *Poulis* factor is similarly firmly established.

## CONCLUSION

It is therefore respectfully requested that the Answer filed by the Defendant in this action be stricken.  This is not an action where the Defendant's inadvertence has occasioned its innocent failure to participate in this action.  Rather, the Defendant retained counsel to defend itself in this action, directing its counsel to file an Answer and a Rule 12(c) motion.  Then, after losing that motion, the Defendant has elected to 'bury its head in the sand' and ignore the ongoing proceedings.  It is therefore respectfully requested that the Defendant's Answer be stricken, so that the Plaintiff may proceed with seeking a default judgment as against the Defendant.

Dated:	November 30, 2015	**MARCUS & ZELMAN, LLC**

By: /s/ Yitzchak Zelman
Yitzchak Zelman (YZ5857)
ATTORNEYS FOR PLAINTIFF
1500 Allaire Avenue, Suite 101
Ocean, New Jersey 07712
Phone: (732) 695-3282
Fax:    (732) 298-6256
Email: yzelman@MarcusZelman.com